**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSE SEGUNDO LALA-CASTRO,<br><br>Petitioner,<br><br>vs.<br><br>LEONARD ODDO, WARDEN; CAMMILLA WAMSLEY, DIR. ERO PHILADELPHIA FIELD OFFICE; PATRICK MADDAS, DEPUTY FIELD OFFICE DIRECTOR ICE; TODD LYONS, SENIOR OFFICIAL - DUTIES OF THE DIRECTOR, ICE; MARKWAYNE MULLIN, SECRETARY OF DHS; AND TODD BLANCHE, ATTORNEY GENERAL;<br><br>Respondents, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:26-CV-01560-MJH |

**ORDER**

Before this Court is Petitioner's Petition for Writ of Habeas Corpus, Emergency Motion for Temporary Restraining Order, Motion for Order to Show Cause, and Motion for Leave to File Documents Electronically. (ECF Nos. 1-4), filed by Diana Oliveras, on behalf of Petitioner as a proposed "next friend."

Petitioner's Petition for Writ of Habeas Corpus, Emergency Motion for Temporary Restraining Order, Motion for Order to Show Cause, and Motion for Leave to File Documents Electronically all fail, because they are improper "next friend" filings, and the Court lacks jurisdiction to consider them. A "next friend" of Petitioner's must meet several requirements to have standing to "pursue[] the cause on behalf of the detained person." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). First, a "next friend" holds the burden to "provide an adequate

explanation" for why the real party cannot file on his or her own behalf. *See Id.* (noting "inaccessibility, mental incompetence, or other disability" as adequate). Incarceration alone is not a good enough reason. *See Klingensmith by Klingensmith v. Pennsylvania*, No. CV 25-1802, 2025 WL 3251199, at *1 (W.D. Pa. Nov. 21, 2025) (Horan, J.). Second, a "next friend" typically "must have some significant relationship with the real party" such that the "next friend" is "truly dedicated to the best interests" of the real party. *Whitmore*, 495 U.S. at 163–64. Third, "[a] non-attorney cannot represent another party, even if acting as a next friend." In other words, the next friend can essentially operate as a power of attorney and retain an attorney on behalf of the petitioner but cannot proceed *pro se. Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 n.2 (3d Cir. 2020) (*per curiam*).

First, there is nothing on the record to show that Petitioner is unable to file his Petition for Writ of Habeas Corpus or any of the other motions himself. Next, the filings do not indicate how Ms. Oliveras has any significant relationship with Petitioner. Finally, and perhaps most fatal to these filings, it is unclear whether or not Ms. Oliveras is an attorney. If Ms. Oliveras is in fact an attorney, then she should enter her appearance on behalf of Petitioner. If she is not an attorney, she cannot represent Petitioner as a non-attorney in these proceedings.

For these reasons, Petitioner's Petition for Writ of Habeas Corpus, Emergency Motion for Temporary Restraining Order, Motion for Order to Show Cause, and Motion for Leave to File Documents Electronically, (ECF Nos. 1-4), are DISMISSED without prejudice. The Clerk of Court shall mark this case as closed.

DATED: August 18, 2026

BY THE COURT:

Marilyn J. Horan
United States District Court